**Leslie A. MADRIL, Plaintiff–Appellant,**

v.

**CIRCUIT CITY STORES, INC., a Virginia Corporation; City Stores Westcoast, Inc., a California Corporation, Defendants–Appellees.**

No. 00–15724.

D.C. No. CV–98–00489–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2001.[*]

Decided Nov. 19, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Leslie Madril ("Madril") appeals the district court's grant of summary judgment in favor of her former employer, Circuit City, on her claims for retaliation under Title VII, 42 U.S.C. § 2000e–3(a), and constructive discharge. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Madril was working as a salesperson for Circuit City when she complained to her store manager of sexual harassment by co-worker, Sean Campbell ("Campbell").[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Circuit City immediately suspended Campbell and initiated an investigation which culminated in his resignation. Circuit City's

Within a week of filing her complaint, Madril began receiving repeated verbal and written warnings for tardiness, dress-code violations, and poor sales from her new supervisor, Eric Gibbs ("Gibbs"). Madril brought suit in district court, alleging that Gibbs's regular discipline constituted retaliation for her harassment complaint in violation of Title VII and created an intolerable work environment that forced her resignation.

## I *Standard of Review*

We review a grant of summary judgment de novo. *See Ray v. Henderson*, 217 F.3d 1234, 1239 (9th Cir.2000). Viewing the evidence in the light most favorable to Madril, this Court determines whether there are any genuine issues of material fact that could support a judgment in her favor and whether the district court correctly applied the substantive law. *See id.* at 1239–40.

## II *Retaliation Under Title VII*

To state a prima facie case of retaliation under Title VII, Madril must establish that: (1) her complaint of sexual harassment was a protected activity under Title VII; (2) Gibbs subjected her to adverse employment action; and (3) Gibbs did so because Madril reported Campbell's harassment—*i.e.*, Gibbs retaliated against her. *Ray*, 217 F.3d at 1240.

The parties agree that Madril's sexual harassment complaint was a protected activity but disagree whether Gibbs's treatment of her adversely affected her employment. We hold it did not. Madril does not contend that Gibbs's verbal and written criticisms of her work were undeserved. Nor does she argue persuasively that Gibbs's stringent management decisions—e.g., denying her re-

quest for assistance in assembling a stereo display, requiring her to provide a doctor's note to verify an illness—were beyond his authority or otherwise unmerited. In short, Gibbs's conduct would not have deterred a reasonable employee from bringing a sexual harassment complaint and, thus, does not constitute adverse employment action under Title VII. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000). Further, even if we held that Gibbs's conduct adversely affected Madril's employment, she offers no evidence that such conduct was retaliatory. Therefore, Madril states no cause of action for retaliation under Title VII.

## III *Constructive Discharge*

Constructive discharge occurs when one's working conditions "deteriorate, as a result of discrimination, to the point they become sufficiently extraordinary and egregious" to compel a "reasonable employee" to quit. *Id.* at 930 (internal quotations omitted). The same reasons that compel our finding of no adverse employment action dispose of Madril's constructive discharge claim. While Gibbs may have run a tight ship, his behavior would not have compelled a reasonable worker to quit. The district court properly granted summary judgment on this claim.

AFFIRMED.

handling of Madril's harassment complaint is not at issue on this appeal.